

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
200 VESEY STREET
SUITE 400
NEW YORK, NEW YORK 10281-1022

WRITER'S DIRECT DIAL:
TODD D. BRODY
TELEPHONE: (212) 336-0080

September 27, 2019

**By ECF**

Hon. LaShann DeArcy Hall
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>SEC v. Ajzenman, et al , 19 Civ. 5483 (LDH)(RER)</u>

Your Honor:

      Attached for the Court's review is a proposed consent judgment in the above-referenced case. Pursuant to the consent judgment, the Defendants Michael Ajzenman ("Ajzenman") and Cutting Edge Business Services, Inc. ("Cutting Edge") would be enjoined from violating Sections 5 of the Securities Act [15 U.S.C. § 77e]. In addition, Ajzenman and Cutting Edge would be jointly and severally liable for disgorgement of $199,050.56, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $34,286.34 for a total of $233,336.90. Ajzenman would also be liable for a civil penalty in the amount of $7,500 and Cutting Edge would be liable for a civil penalty of $40,000. We respectfully request that the Court approve the consent judgment.

      The United States Court of Appeals for the Second Circuit has laid out the following standard for district court review of a consent judgment in a government enforcement action such as this one:

> [T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391…(2006), in the event that the consent decree includes injunctive relief. Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order.

The Honorable LaShann DeArcy Hall
September 27, 2019
Page 2

*SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014).  The Second Circuit has explained that a district court evaluating the fairness and reasonableness of a Commission consent judgment should assess at least four factors: (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind."  *Id.* at 294–95 (citations omitted).  The Second Circuit has further emphasized that, when a court considers whether the "public interest would not be disserved" by a proposed injunction, "[t]he job of determining whether the proposed S.E.C. consent decree best serves the public interest…rests squarely with the S.E.C., and its decision merits significant deference."  *Id.* at 296.

      The proposed consent judgment agreed to by the parties is fair and reasonable because it meets all four *Citigroup* factors.  First, the remedy the judgment would impose – the injunction and the monetary relief – is legal.  Congress has expressly authorized the injunctions and the penalties.  *See* 15 U.S.C. § 77t(b) (Injunctive relief); 15 U.S.C. § 77t(d) (Penalties).  Disgorgement and prejudgment interest are also well-established remedies in SEC civil enforcement actions.  *See, e.g., SEC v. De Maison*, 2019 U.S. App. LEXIS 26476 (2d Cir. Aug. 30, 2019); *SEC v. Bronson*, 2018 U.S. App. LEXIS 32621 (Nov. 19, 2018).  Second, the injunction and its enforcement mechanism are clear.  As long as Ajzenman and Cutting Edge do not engage in the sale of unregistered securities (without a proper exemption), they will not violate the injunction.  Furthermore, the consent judgment makes clear that the Court would retain jurisdiction to enforce these terms.  Third, the Judgment reflects a resolution of all of the claims asserted in the Complaint, the Complaint's Prayer for Relief specifically requests a permanent injunction against the defendants as well as disgorgement, prejudgment interest and penalties.  Fourth, no improper collusion or corruption has tainted the consent judgment.  This was an arm's length negotiation.

      Finally, the public interest "would not be disserved" by the injunctive relief imposed on the Ajzenman and Cutting Edge.  *Citigroup*, 752 F.3d at 294.  As described in the Complaint, since 2006, Ajzenman, through Cutting Edge, has regularly purchased convertible debt issued by publicly traded companies, exercised the conversion feature of the debt instrument held, and then sold the resulting stock into the public market.  As such, a permanent injunction is warranted to protect the investing public from the potential of future sales of unregistered securities.  *See, e.g., SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1101 (2d Cir. 1972) ("The courts have an obligation, once a violation has been established, to protect the public from a continuation of the harmful and unlawful activities" (quoting *United States v. Parke, Davis & Co.*, 362 U.S. 29, 48 (1960))).

The Honorable LaShann DeArcy Hall
September 27, 2019
Page 3

      For the reasons set forth above, we respectfully request that the Court approve the proposed consent judgment. If the Court has any questions, I can be reached at (212) 336-0080.

                              Respectfully submitted,

                              /s/ Todd D. Brody
                              Todd D. Brody
                              Senior Trial Counsel

Encl.

cc:     Maranda E. Fritz (via email)